**Elizabeth D. PORTER, Appellant**

v.

**Lisa Perez JACKSON, Administrator, Environmental Protection Agency, Appellee.**

**No. 09–5446.**

United States Court of Appeals, District of Columbia Circuit.

Dec. 28, 2010.

Rehearing En Banc Denied Feb. 17, 2011.

Bruce J. Terris, Esq., Terris, Pravlik & Millian LLP, Washington, DC, for Appellant.

R. Craig Lawrence, Ronald C. Machen, Jr., Esq., Jeremy Scott Simon, U.S. Attorney's Office, Washington, DC, for Appellee.

Before: SENTELLE, Chief Judge, BROWN, Circuit Judge, and WILLIAMS, Senior Circuit Judge.

### *JUDGMENT*

PER CURIAM.

This appeal was considered on the record from the United States District Court for the District of Columbia and the briefs and oral arguments of the parties. For the reasons stated below, it is

***ORDERED AND ADJUDGED*** that the judgment of the District Court be affirmed.

Appellant Elizabeth D. Porter suffers from migraine headaches. Porter began working for the Environmental Protection Agency in Washington, D.C. in the early 1990s. [J.A. 6.] In 1993, believing the office environment triggered her symptoms, Porter asked to work from her home in Virginia, 13 miles outside the District of Columbia. The EPA granted Porter's request, first allowing her to work from home on a part-time basis, and later full time. [J.A. 6.]

In 1999 and 2000, Porter again requested a change in her work arrangement. This time she asked to relocate to North Carolina, some 400 miles away. According to Porter, environmental triggers around the District of Columbia contributed to her ongoing and deteriorating condition. Originally, the EPA denied Porter's request under its Alternative Work Space (AWS) program, which allows employees to work off-site within a 50-mile radius of their official work site for health reasons. [J.A. 77, 100.] Some months later, the EPA denied Porter's requested relocation to North Carolina under the Federal Rehabilitation Act (the Act), 29 U.S.C. 701 *et seq.*, instead offering Porter relocation "within the Washington, D.C. metropolitan commuting area." [J.A. 117.]

Porter filed suit, claiming the EPA failed to provide her with a reasonable accommodation under the Act. The district court dismissed Porter's claim on summary judgment. To survive summary judgment, a plaintiff must proffer evidence from which a reasonable fact finder could determine, among other things, that with reasonable accommodation the disabled employee could perform the essential functions of her position. *See Barth v. Gelb,* 2 F.3d 1180, 1186–87 (D.C.Cir.1993); *Flemmings v. Howard Univ.,* 198 F.3d 857, 861 (D.C.Cir.1999).

The EPA offered Porter relocation "anywhere in the Washington, D.C. metro area." [J.A. 59.] Even though the evidentiary burden was hers, Porter did not put forward any evidence suggesting why the EPA's accommodation was unreasonable. Nor does the record indicate, aside from Porter's owning a house there, why relocation to North Carolina as opposed to a rural area closer to her office was necessary for Porter to perform the essential functions of her position. To the extent Porter felt a more rural setting would benefit her migraine condition, she could have moved as far as 50 miles outside of the District under the EPA's AWS pro-

gram. Porter therefore failed to provide evidence from which a reasonable jury could find that EPA failed to offer her reasonable accommodation.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for re-hearing or petition for rehearing en banc. *See* FED. R.APP. P. 41(b); D.C. CIR. R. 41.